[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
The plaintiffs move to set aside the verdict on the following grounds: (1) it was contrary to law, and (2) it was against the evidence.
(1) Verdict was contrary to law —
The plaintiff argues in effect that the court erred when it failed to inform the jury that "Section 14-300d modified the application of Section 14-300c."
The plaintiff Herbert Frankel was the operator of a motor vehicle proceeding in a northerly direction on I-91, a limited access highway. When Mr. Frankel reached point on said highway in the Town of Wallingford in the vicinity of entrance ramp #14 he brought the vehicle to a stop on the east shoulder. He alighted from the car and was thereafter struck by a northbound automobile operated by the defendant Eric Lawrence.
The plaintiff claimed the defendant was negligent in the manner in which he operated a motor vehicle. Mr. Lawrence denied that he was negligent and alleged that any injury sustained by Mr. Frankel was caused by his own negligence.
The court charged the jury in detail with respect to the common law and statutory standards applicable to the instant accident. In particular, the court charged concerning §14-300d C.G.S. as requested by the plaintiffs.[1] Said statute provides in substance that the operator of a motor vehicle shall exercise due care to avoid colliding with a pedestrian and to give reasonable warning by sounding a horn to avoid a collision.
Said statute establishes a standard of conduct on the part of a motor vehicle operator not a pedestrian. Its violation is not negligence per se but evidence of negligence.
Section 14-300c C.G.S. establishes certain standards of conduct for a pedestrian not a motor vehicle operator.
At best the application of § 14-300d C.G.S. would be modified rather than § 14-300c C.G.S., i.e., fact that CT Page 7124 pedestrian may be negligent did not negate the obligation of motor vehicle operator to exercise reasonable care to avoid striking the pedestrian.
The jury in response to interrogatories assessed comparative negligence on the part of the plaintiff Herbert Frankel to be 99% thus it was the conduct on the part of the pedestrian which barred a recovery not the conduct of the defendant motor vehicle operator. Under this scenario any flaw in the charge concerning negligence on the part of the operator would be harmless. No claim of error is raised with respect to the court's instructions concerning comparative negligence.
As stated, the court's instructions dealt in depth with the issues relative to liability. The only exception voiced by the plaintiffs was that noted above.
The test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party, in this case the plaintiff, under the established rules of law. Thus, the issue in the instant case is whether the charge as a whole presents the case to the jury so that no injustice was done to the plaintiff. The instructions to the jury need not be exhaustive, perfect or technically accurate so long as they correctly adapt the law to the case and provide the jury with sufficient guidance in reaching a correct verdict. Stewart v. Federated Dept. Stores,Inc., 234 Conn. 597, 603.
The charge passes muster under these standards.
(2) Verdict was against the evidence —
The basic facts were noted above.
The issue of liability was vigorously contested. The evidence with respect to the activities of Messrs. Frankel and Lawrence immediately prior to and at the time of the collision was in sharp conflict.
The verdict as rendered is supported by the evidence and reflects a reasonable resolution of contested factual issues.
There is nothing to suggest that the verdict was the product CT Page 7125 of any improper motivation or influence and must stand undisturbed.
Motion to Set Aside Verdict is denied.
John C. Flanagan Judge Trial Referee